**Order entered December 20, 2016**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01208-CR

**ENRIQUE AROCHI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80513-2015**

## ORDER

The Court has before it Steven R. Miears's December 1, 2016 letter which we shall treat as a motion to reconsider his November 14, 2016 motion for emergency relief.

On January 16, 2015, Keith Gore was appointed to serve as lead defense counsel for appellant during trial. Mr. Miears was appointed co-defense counsel. After appellant was convicted and sentenced, a motion for new trial was filed October 7, 2016, and six days later, Mr. Miears filed a notice of appeal and docketing statement in this Court.

On October 31, 2016, the trial court signed an order appointing Pamela Lakatos as appellate counsel. By letter dated November 8, 2016, Mr. Miears notified the trial court that he had filed appellant's notice of appeal but had not filed a motion to withdraw as counsel. Mr.

Miears noted he intended to represent appellant on appeal and asked the trial court to rescind its October 31, 2016 order appointing Ms. Lakatos.

Mr. Miears then filed an emergency motion in this Court, asking us to strike the trial court's October 31, 2016 order appointing Ms. Lakatos. We declined to do so, noting that the trial court had not yet ruled on his November 8 request. The trial court subsequently denied Mr. Miears's request, noting "Pursuant to the Texas Fair Defense Act, Mr. Miears is not on the approved Appeal Court Appointment List." Mr. Miears then filed a letter, asking this Court to reconsider its previous ruling.

In his motion to reconsider the emergency motion, trial counsel asks this Court to "enter an Order to immediately confirm and clarify for the Appellant that Mr. Miears continues to represent Appellant . . .." In support, he relies on the "argument, authorities, and rules of appellate procedure set forth" in his original emergency motion.

Article 26.04 provides that:

> [t]he judges of the county courts, statutory county courts, and district courts trying criminal cases in each county, by local rule, shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant in the county arrested for, charged with, or taking an appeal from a conviction of a misdemeanor punishable by confinement or a felony.

TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West 2016). Under this rule, each county has a public appointment list containing "the names of the qualified attorneys" who have met the qualifications and applied to be included on the list. *Id*. art 26.04(d). Although appellant's lead defense counsel, Mr. Gore, appears on the Collin County Texas Fair Defense Act list of participating attorneys list, Mr. Miears does not. Ms. Lakatos is included on the list and is approved to be appointed as appellate counsel. Under these circumstances, we cannot conclude the trial court erred.

We **DENY** Mr. Miears's motion. The trial court's October 31, 2016 order appointing Pamela Lakatos as appellate counsel remains in effect.


/s/     CAROLYN WRIGHT
CHIEF JUSTICE